UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

Eastern District of Kentucky
FILED

OCT 26 2023

AT LONDON
Robert R. Carr
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

V.                                                INDICTMENT NO. 6:23-Cr-60-REW

JESSE E. KIPF

\* \* \* \* \*

THE GRAND JURY CHARGES:

### COUNTS 1 - 5
### 18 U.S.C. § 1030(a)(2)

On or about each of the dates set forth below, in Pulaski County, in the Eastern District of Kentucky, and elsewhere,

**JESSE E. KIPF**

intentionally accessed a computer without authorization, and thereby obtained information from a protected computer, and the offense was committed for purposes of private gain and in furtherance of 18 U.S.C. § 1028A, aggravated identity theft, each in violation of 18 U.S.C. § 1030(a)(2).

| Count | Date | Victim |
| --- | --- | --- |
| 1 | June 2, 2022 | State of Arizona |
| 2 | January 20, 2023 | State of Hawaii |
| 3 | February 12, 2023 | GuestTek Interactive Entertainment Ltd. |

| 4 | March 22, 2023 | State of Vermont |
| 5 | June 21, 2023 | Milestone Inc. |

## COUNTS 6 - 8
## 18 U.S.C. § 1028A

On or about each of the dates set forth below, in Pulaski County, in the Eastern District of Kentucky, and elsewhere,

### JESSE E. KIPF

knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028(a)(c), to wit, wire fraud and computer fraud, knowing that the means of identification belonged to another actual person,

| Count | Date | Real Person |
|---|---|---|
| 6 | June 2, 2022 | J.C.V.F. |
| 7 | January 20, 2023 | C.K. |
| 8 | March 22, 2023 | A.D. |

Each in violation of 18 U.S.C. § 1028A(a)(1).

## COUNTS 9 - 10
## 18 U.S.C. § 1014

On or about each of the dates below, in Pulaski County, in the Eastern District of Kentucky, and elsewhere,

### JESSE E. KIPF

knowingly made a false statement or report for the purpose of influencing the action of an institution, the accounts of which are insured by the Federal Deposit Insurance Corporation, for the purpose of influencing the action of the institution in connection with an application for a credit or debit account, in that the Defendant applied for credit accounts knowingly using a false social security number,

| Count | Date | Description |
|---|---|---|
| 9 | December 27, 2020 | Opening credit card account * 9573 at Discover Bank |
| 10 | April 26, 2023 | Opening credit account *0938 at First Premier Bank |

Each in violation of 18 U.S.C. § 1014.

## FORFEITURE ALLEGATIONS
## 18 U.S.C. § 982(a)(2)
## 18 U.S.C. § 1030(i)
## 18 U.S.C. § 1028(b)(5)

1.  By virtue of the commission of the offenses alleged in this Indictment, **JESSE E. KIPF** shall forfeit to the United States any and all property, real or personal, which constitutes or is derived from proceeds traceable to the violations of 18 U.S.C. §§ 1028A, 1030, and 1014. Any and all interest that **JESSE E. KIPF** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. §§ 982(a)(2) and 1030(i)(1)(B).

2.  By virtue of the commission of the offenses alleged in Counts 1-9 of this Indictment, **JESSE E. KIPF** shall forfeit to the United States any property used or intended to be used to commit or facilitate the commission of the violations of 18 U.S.C. §§ 1028A and 1030. Any and all interest that **JESSE E. KIPF** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. §§ 1028(b)(5) and 1030(i)(1)(A).

3.  The property to be forfeited includes, but is not limited to, the following:

**ELECTRONIC DEVICES:**
a) Nine (9) digital storage mediums seized from the Defendant, including:
   (1) SK Hynix, SN: S9BN87201180C62B;
   (2) UKCA 8GB;
   (3) Black Memory card;
   (4) Phison 256 GB, SN: 5112209160300l8958;
   (5) UKCA 4 GB, unknown SN;
   (6) PNY CS900 SSD, SN: PNY421919l0150309A5F;
   (7) Seagate 1TB Drive, SN: ZN90S5HC;
   (8) Seagate 500GB HD, SN: 5VEN0S19;
   (9) Samsung 4 GB Memory Card; and

b) HP ENVY laptop, SN: 8CG246332N, seized from the Defendant.

**CURRENCY:**
Gold and silver coins purchased by the Defendant from December 2022 to September 2023.

**MONEY JUDGMENT:**
A forfeiture money judgment equal to the amount of proceeds that **JESSE E. KIPF** obtained as a result of the violations alleged in this Indictment.

4. If any of the property listed above, as a result of any act or omission of the Defendant(s), (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL

FOREPERSON

CARLTON S. SHIER IV
UNITED STATES ATTORNEY

## PENALTIES

**COUNTS 1-5:** Not more than 5 years imprisonment, $250,000 fine, and 3 years supervised release.

**COUNTS 6-8:** If convicted of one count, mandatory term of imprisonment of 2 years, to be served consecutive to any other sentence imposed for Counts 1 through 6 and 10 through 11.

If convicted of two or more counts: 2 years imprisonment, which may run concurrently, in whole or in part, with any other term of imprisonment imposed for Aggravated Identity Theft convictions, but consecutively to any term of imprisonment imposed on Counts 1 through 6 and 10 through 11.

Plus, not more than $250,000 fine and 1 year supervised release on each count of conviction on Counts 7 through 9.

**COUNTS 9-10:** Not more than 30 years imprisonment, fine of not more than $1,000,000 or twice amount of loss, and supervised release for not more than 5 years.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Restitution, if applicable.

**PLUS:** Forfeiture of listed items.