UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON
CRIMINAL ACTION NO. 6:23-CR-60

UNITED STATES OF AMERICA          PLAINTIFF

VS.

JESSE E. KIPF                     DEFENDANT

## SENTENCING MEMORANDUM

    Comes now the defendant, Jesse E. Kipf, by and through counsel and hereby submits to the court the following Sentencing Memorandum:

    The presentence report explains the nature and circumstances of the offense, sets forth the kinds of sentences available, etc.…  This memorandum will focus primarily on the history and characteristics of the defendant, pursuant to 18 U.S.C. 3553(1).

    On April 22, 2024, the defendant, Jesse E. Kipf, entered a plea of guilty to Count Two of the Indictment, namely a violation of 18 U.S.C. 1030(a)(2), Computer Fraud; and to Count Seven of the Indictment, namely a violation of 18 U.S.C. 1028A, Aggravated Identity Theft.  As mentioned, the kinds of sentences available are detailed in the PSR, but in sum, based on Jesse's criminal history category IV and a total offense level of 21, the guideline imprisonment range is 57 to 71 months as to

Count Two. However, the statutorily authorized maximum sentence as to Count Two is less than the maximum of the applicable guideline range; therefore, the guideline range as to Count Two is 57 to 60 months. The guideline sentence as to Count Seven is the minimum term of imprisonment required by statute. Therefore, the guideline sentence as to Count Seven is 24 months. Considering all of the above, the guideline range is 57 to 60 months as to Count Two, plus a mandatory consecutive 24 months as to Count Seven.

The defendant feels that the court can comfortably consider a lesser sentence of 48 months on Count Two, along with the mandatory 24 consecutive months on Count Seven, as deviation from the guideline term of imprisonment after taking into consideration the nature and circumstances of the offense and the history and characteristics of the defendant.

## 18 U.S.C. 3553(a)(1)

18 U.S.C. 3553(a) (1) directs the court to consider the nature and circumstances of the offense and the history and characteristics of the defendant and the primary directive in Section 3553(a) is for sentencing courts to "…impose a sentence sufficient but not greater than necessary…".

While not trying to undermine the criminal activity in this case, the **nature and circumstances of the offense** is that this is a non-

violent and non-drug related offense influenced by drug use. However, the defendant understands and does not deny the seriousness of his conduct. Jesse has openly acknowledged the seriousness of his offense and accepted responsibility for it by entry of his guilty plea.

The Probation Officer, in preparing the PSR, concluded that there was no information that the defendant impeded or obstructed justice. The officer also found that Mr. Kipf timely entered a plea in the case, which permitted the government to avoid trial preparation and allowed the Court to allocate its resources efficiently which warranted a three (3) point adjustment for acceptance of responsibility.

As to the **history and characteristics of the defendant,** Jesse was born in Honolulu, Hawaii and he recalls spending time in Hawaii, Italy, Mississippi, Kansas, Missouri, Illinois, Michigan and Kansas during his youth. As an adult, he has lived in Kentucky, Louisiana, Indiana and California. He was married around 2006 in Missouri and later divorced in 2008 in California. Prior to his arrest, Jesse shared a rented residence in Somerset, Kentucky. Upon being released from incarceration, he plans to relocate to Michigan to be close with his father and where he has family support. Jesse's father indicated that he had adopted him when he was three years old. He indicates that he believes Jesse may have suffered psychological/emotional abuse from his mother during his youth. Jesse has been diagnosed with suffering from

paranoid delusions and schizophrenic tendencies, which contributed to the downfall of his marriage and his life took a downward turn. His mental health spiraled after the conclusion of his military service. In fact, all of Jesse's criminal history points are from after the conclusion of his military service.

Mr. Kipf served his country in the military in active duty from June 2006 until May 2009. He was deployed to Iraq from June 4, 2007 until May 18, 2008. Jesse's discharge reflects he was generally discharged under honorable conditions. As for decorations/medals, his discharge references him receiving the National Defense Service Medal, Global War on Terrorism Service Medal and Army Service Ribbon. Unfortunately, the psychological trauma Jesse experienced serving in war increased his drug addiction, which led to an increase in reckless and criminal behavior.

Furthermore, Mr. Kipf is still young with plenty of life left and is capable of being productive as he has worked in roofing and has indicated an interest in welding.

### 18 U.S.C. 3553(a)(2)(A)

18 U.S.C. 3553(a)(2)(A) directs the court to consider the need for the sentence imposed to reflect the seriousness of the offense; promote respect for the law; and to provide just punishment for the offense.

The defendant feels that a 72 month sentence is still a lot of time to be incarcerated, and would adequately reflect the seriousness of the offense and would promote respect for the law.  Furthermore, the restitution will financially drain Mr. Kipf and will therefore adequately reflect the seriousness of the offense.

### 18 U.S.C. 3553(a)(2)(B)

18 U.S.C. 3553(a)(2)(B) directs the court to consider the need for the sentence imposed to afford adequate deterrence to criminal conduct.

The defendant feels that a 72 month sentence is an adequate deterrent for the defendant.  Counsel feels that the defendant's chance of recidivism will be greatly reduced by Jesse's ability to participate in substance abuse and mental health treatment while incarcerated.

As to the public, a 72 month sentence with repayment of a large sum of money should serve as a deterrent for anyone considering a similar crime.

### 18 U.S.C. 3553(a)(2)(C)

18 U.S.C. 3553(a)(2)(C) directs the court to consider the need for the sentence imposed to protect the public from further crimes of the defendant.

The time spent incarcerated should be enough time for the defendant to undergo any necessary rehabilitation treatment and correctional programs that are deemed necessary.

### **18 U.S.C. 3553(a)(2)(D)**

Finally, 18 U.S.C. 3553(a)(2)(D) directs the court to consider the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Jesse has been diagnosed with suffering from paranoid delusions and schizophrenic tendencies.  Although he has not been prescribed medication for a few years, he is open to mental health treatment in the future.  He is also open to substance abuse treatment, based on a history of drug use.

### **CONCLUSION**

Mr. Kipf would like to ask the Court to make a recommendation that he serve his sentence at the facility in Milan, Michigan, which is about 30 minutes from where his father resides.  Jesse would like to serve his sentence at this facility for several reasons, the first being the proximity to his family.  Second, this facility has the life connections program, which Jesse would like to get into as it has a religious component and is geared towards reducing recidivism.  Third, this facility has a welding program that Jesse would like to enter so he can learn this trade and become a welder when he is released from custody.

Therefore, the defendant respectfully submits this Sentencing Memorandum and requests that the Court consider varying and/or departing from the recommended guideline range, as it is the position of the defendant that a 48 month sentence on Count Two, along with the 24 mandatory consecutive months on Count Seven, would be sufficient but not greater than necessary.

>Respectfully submitted,
>
>/s/ Thomas P. Miceli
>THOMAS P. MICELI
>MILLWARD & CASTLE
>P. O. Drawer 100
>Barbourville, Kentucky 40906
>(606) 546-5114
>Attorney for Defendant,
>Jesse Kipf

## CERTIFICATE

I hereby certify that the foregoing document has been electronically served this 13th day of August, 2024 with the clerk of the court using the CM/ECF system and electronically upon all parties of record.

>/s/ Thomas P. Miceli
>THOMAS P. MICELI
>MILLWARD & CASTLE
>P. O. Drawer 100
>Barbourville, Kentucky 40906
>(606) 546-5114
>Attorney for Defendant,
>Jesse Kipf

/sms